```
                                    ___ FILED        ___ RECEIVED
                                    ___ ENTERED      ___ SERVED ON
                                           COUNSEL/PARTIES OF RECORD

                                         DEC 2 7 2010

                                    CLERK US DISTRICT COURT
                                       DISTRICT OF NEVADA
                                 BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

STEPHEN LOTHLORIEN,

    Plaintiff,

    v.

EASTRIDGE PERSONNEL OF LAS VEGAS dba EASTRIDGE INFOTECH, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, BRIAN BORYSEWICH, BETH BORYSEWICH, REGINA WILSON, ROE CORPORATIONS I-X, and DOES I-X,

    Defendants.

2:08-cv-1209-RCJ-LRL

**ORDER**

Currently before the Court are the following motions: (a) Motion for Reconsideration of Order re: Motion to Dismiss Third Amended Complaint and Motion to Dismiss Re-Entered Second Amended Complaint (#130); (b) Motion to Dismiss Third Amended Complaint (#131); (c) Motion to Strike (#132); (d) Motion to Dismiss Plaintiffs' Tenth and Eighteenth Causes of Action within the Third Amended Complaint (#134); (e) Motion for Summary Judgment (#160); and (f) Motion to Set Aside Default of Regina Wilson (#163).

The Court heard oral argument on the motions on December 3, 2010.

## BACKGROUND

This case initially involved two separate-filing plaintiffs, Stephen Lothlorien and Richard Dinicola. After the filing of several of the pending motions, Dinicola voluntarily dismissed all of his claims against the remaining defendants–Eastridge Personnel of Las Vegas, Inc. dba Eastridge Infotech Technology ("Eastridge"), United Brotherhood of Carpenters and Joiners of America ("UBC"), Brian Borysewich, Beth Borysewich, and Regina Wilson. (See Notice of

Voluntary Dismissal (#155)). Lothlorien is the only plaintiff remaining.

Lothlorien entered into a Professional Services Agreement ("PSA") with West Coast Consulting, LLC ("WCC") through his company Limerence Technology Partners, LLC ("Vendor"). (See Mot. for Summary Judgment, Exh. B (#161-7) at 2). The PSA included the following provisions:

> WCC desires to have vendor furnish individual employees and/or independent contractor/consultants of vendor who are qualified computer/data professionals (each, a "consultant" to certain clients of WCC (each, a "client"), for the purpose of performing professional computer consulting and programming services . . . as described in a series of written Purchase Orders approved by WCC . . .
>
> . . .
>
> It is understood and agreed that Vendor is an independent contractor and all Consultants are either employees of Vendor, or are independent Contractors/Consultant of Vendor. Such consultants shall remain vendor's employees, agents or sub contractors for all purposes and shall not for any purpose be considered WCC's or client's employees, agents or sub contractors.
>
> . . .
>
> Nothing contained in this agreement shall be constructed to imply the existence of a joint venture, joint employer, or principle and agent or employer/employee relationship between vendor and/or any of it's [sic] personal [sic] on the one hand and WCC or client on the other, and neither vendor, WCC nor client shall have any right, power or authority to create any obligation, express or implied, on behalf of the other.
>
> . . .
>
> This agreement constitutes the entire agreement between the parties with regard to these subject matters and no other agreements, statements, promise or practice between or relating to the subject matter shall be binding on the parties. This agreement may be changed only by a written amendment signed by both the parties.

(Id. at 3-4). The PSA included an Independent Contractor Agreement between WCC and Limerence and named Lothlorien as the contractor on the project for one year starting July 17, 2006, and ending July 16, 2007. (Id. at 7). The clients in the contract were UBC/Eastridge. (See Mot. for Summary Judgment, Exh. A (#161-2) at 26-28).

## DISCUSSION

**I.   Defendants' Motion for Reconsideration (#130)**

Defendants UBC, Brian Borysewich, Beth Borysewich, and Regina Wilson (collectively "Defendants") have filed a motion for reconsideration of the order regarding the Motion to Dismiss the (proposed) Third Amended Complaint (#78) and the Motion to Dismiss the Re-Entered Second Amended Complaint (#104). Defendants make four arguments. First,

Defendants assert that this Court erred, pursuant to the law of the case doctrine, because this Court's March 31, 2010 Order (#126) permitting Lothlorien to pursue his federal claims against UBC is inconsistent with the Court's July 21, 2009 Order (#49) dismissing Dinicola's identical federal claims against UBC. Second, Defendants assert that they previously moved to dismiss Lothlorien's 23rd cause of action for retaliation under NRS § 613.310, but notes that the Court did not rule on this claim. Third, Defendants argue that this Court should reconsider its ruling and dismiss the Plaintiffs' causes of action for fraud and defamation because Plaintiffs did not allege these causes with the particularity required under Fed.R.Civ.P. 9. Fourth, Defendants assert that the Court should "reconsider and dismiss the balance of Plaintiffs' remaining claims" because Plaintiffs only make conclusory allegations.

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

Here, the Defendants have not presented the Court with any newly discovered evidence or an intervening change in controlling law. The Court finds that the Defendants have not set forth any strongly convincing facts or law that it committed clear error in its initial decision. The law of the case doctrine applies only to identical cases and, although Lothlorien and Dinicola's cases are similar, they are not identical. *See United States v. Real Prop. Located at Incline Vill.*, 976 F.Supp. 1327, 1353 (D.Nev. 1997) (explaining that law of the case doctrine "generally precludes a court from reconsidering an issue that has already been decided in the identical case, either by the same court or a superior court"). Additionally, the Court finds that Defendants other arguments are an attempt to re-litigate the same issues and arguments upon

which this Court already has ruled. Accordingly, the Court denies the Motion for Reconsideration (#130).

## II.   Defendants' Motion to Dismiss (#131) and Motion to Strike (#132)

Defendants file a motion to dismiss the following claims in the Third Amended Complaint (#129): (a) all of Dinicola's remaining state law claims; (b) Lothlorien's 16th cause of action under NRS § 613.310; (c) Dinicola's 18th cause of action; and (d) all references to claims under specified Nevada Revised Statutes pursuant to this Court's March 31, 2010 order.[1] Defendants move to strike Dinicola's 18th cause of action and to strike all references to specified NRS provisions.

The Court denies the motion to dismiss and the motion to strike as moot with respect to Dinicola's claims because Dinicola voluntarily dismissed all of his claims. The Court also denies the motion to dismiss Lothlorien's 16th cause of action under the Third Amended Complaint as moot because Lothlorien voluntarily dismisses this claim in a forthcoming motion. (See Pl.'s Opp to Mot. for Summary Judgment (#174) at 1). Additionally, in light of this Court's previous order (#126), the Court grants the motion to dismiss references to claims arising under NRS §§ 613.030 and 608.100 et seq in the Third Amended Complaint. (See Third Amended Complaint (#129) at 2). This Court also grants Defendants' motion to strike claims and allegations referencing these statutes.

## III.   Eastridge's Motion to Dismiss Plaintiffs' Tenth & Eighteenth Causes of Action within the Third Amended Complaint (#134)

Defendant Eastridge moves to dismiss Lothlorien's 10th cause of action for age discrimination and Dinicola's 18th cause of action.

The Court denies this motion as moot because Lothlorien voluntarily dismissed his 10th cause of action for age discrimination in a forthcoming motion, (see Pl.'s Opp. to Mot.

---

[1] In the previous order, this Court dismissed Plaintiffs' claims under NRS §§ 613.020, 613.030, 613.210, 608.040, and 608.100 because the statutes did not provide for private causes of action. (See Order (#126) at 11).

4

for Summary Judgment (#174) at 1), and Dinicola voluntarily dismissed all of his claims.

IV.   **Defendants' Motion for Summary Judgment (#160)[2]**

All of the defendants move for summary judgment against Lothlorien's remaining claims.[3] In support of their motion, Defendants attached a copy of the PSA and excerpts of Lothlorien's deposition. (See Mot. for Summary Judgment, Exhs. A-B (#161)). Defendants argue that the PSA demonstrates that no employment relationship existed between them and Plaintiff.

In response, Lothlorien explicitly dismisses claims 9, 10, 13, 16, and 17. (Pl.'s Opp. to Mot. for Summary Judgment (#174) at 1-2). Lothlorien's response only focuses on his 11th cause of action, Title VII retaliation, and argues that he understood that he was "an employee of Limerence or its client UBC/Eastridge." (Id at 3). At oral argument, Lothlorien stated that he did not want to dismiss his 12th claim for fraud and misrepresentation under NRS § 613.010.

In reviewing a motion for summary judgment, the court construes the evidence in the light most favorable to the nonmoving party. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir. 1996). Pursuant to Fed.R.Civ.P. 56, a court will grant summary judgment "if the pleadings, the

---

[2] Lothlorien filed two motions for an extension of time to file an opposition to the motion for summary judgment (#166, 172). The Court grants both extensions.

[3] Pursuant to the Third Amended Complaint (#129), Lothlorien's remaining claims are: (9) influencing, persuading, or engaging worker to change from one place to another by false representations under NRS § 613.010; (10) age and race discrimination under Title VII and the ADEA; (11) retaliation under Title VII against Eastridge and UBC; (12) fraud and misrepresentation under NRS § 613.010; (13) negligent hiring, training, and supervision of Regina Wilson; (14) breach of the covenant of good faith and fair dealing against Eastridge and UBC; (15) breach of agreement against Eastridge and UBC; (16) race discrimination under Title VII and NRS § 613.310; and (17) defamation. (See generally Third Amended Complaint (#129); Mot. for Summary Judgment (#160-1) at 2-3).

discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2). Material facts are "facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

The moving party bears the initial burden of identifying the portions of the pleadings and evidence that the party believes to demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the moving party has properly supported the motion, the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. The nonmoving party cannot defeat a motion for summary judgment "by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The nonmoving party must "set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356.

With respect to the 14th and 15th causes of action, Plaintiff has offered no evidence that he had an employment contract with UBC or Eastridge. The PSA established that Lothlorien via Limerence had an employment contract with WCC. Plaintiff did not produce any evidence to establish that he had an agreement with UBC or Eastridge in which they could breach. Accordingly, the Court grants summary judgment for Defendants on the 14th and 15th claims.

Under the 11th claim, Plaintiff asserts a claim for retaliation under Title VII. Under Title

VII, it is unlawful for "an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). An "employee" is an individual employed by an employer. 42 U.S.C. § 2000e(f). An independent contractor is not an employee. *Adcock v. Chysler Corp.*, 166 F.3d 1290, 1292 (9th Cir. 1999). In determining whether an individual is an independent contractor or an employee for Title VII purposes, the court should evaluate "the hiring party's right to control the manner and means by which the product is accomplished." *Murray v. Principal Fin. Group, Inc.*, 613 F.3d 943, 945 (9th Cir. 2010).

In this case, Defendants have set forth evidence demonstrating that neither UBC nor Eastridge were Lothlorien's employer and that neither directly hired him. The PSA demonstrates that Lothlorien's direct employer was his own company, Limerence, and that WCC entered into a service agreement with Limerence. UBC and Eastridge were WCC's clients. Moreover, the clients, UBC/Eastridge, paid WCC, who in turn paid Limerence. (Mot. for Summary Judgment, Exh. A (#161-1) at 33). Limerence then paid Lothlorien. (*Id.*). WCC did not pay Lothlorien's taxes. (*Id.*).

Plaintiff fails to bring forth any evidence demonstrating that either UBC or Eastridge was his employer. In response, Plaintiff only makes a conclusory statement that "he understood his employment to be as an employee of Limerence or its client, UBC/Eastridge." (*See* Pl.'s Opp to Mot. for Summary Judgment (#174) at 3). However, he fails to provide any evidence to support his assertion. Accordingly, the Court grants Defendants' motion for summary judgment on Plaintiff's 11th claim.

The only remaining claim is Plaintiff's 12th claim for fraud and misrepresentation under NRS § 613.010. The Court finds that Defendants, who argue that there must be an employee-employer relationship under the statute, have not meet their burden to demonstrate an absence of any genuine issue of material fact. Nevada Revised Statute § 613.010(3) provides a cause of action for recovery for all damages that a worker sustained "in consequence of the

7

false or deceptive representations, false advertising or false pretenses used to induce the worker to change his or her place of employment, or place of abode . . . against any person or persons, corporations, companies or associations directly or indirectly causing such damages." Nev. Rev. Stat. § 613.010(3). Despite Defendants' assertions, NRS § 613.010 does not require there to be an actual employment relationship between the parties because persons, agents, or companies may be liable for inducing the worker. See id. § 613.010(1).

However, after a review of the entire record, the Court declines to exercise supplemental jurisdiction over this claim. See 28 U.S.C. § 1367(c)(3) (providing that the district court may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction). Accordingly, the Court dismisses Plaintiff's 12th cause of action. No claims remain in this case.

## V.  Motion to Set Aside Default of Regina Wilson (#163)

Defendants move to set aside Regina Wilson's default on grounds that Plaintiffs failed to serve her any of the amended complaints. Plaintiff filed no response. Accordingly, this Court grants the motion to set aside default. See Local R. 7-2(d) (the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion).

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Motion for Reconsideration (#130) is DENIED.

IT IS FURTHER ORDERED that the Motion to Dismiss (#131) and the Motion to Strike (#132) are GRANTED in part and DENIED as moot in part.

IT IS FURTHER ORDERED that the Motion to Dismiss Plaintiffs' Tenth and Eighteenth Causes of Action (#134) is DENIED as moot.

IT IS FURTHER ORDERED that Plaintiff's Motions to Extend Time to File an Opposition (#166, 172) are GRANTED.

IT IS FURTHER ORDERED that the Motion for Summary Judgment (#160) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that the Motion to Set Aside Default of Regina Wilson (#163) is GRANTED.

DATED: This 27th day of December, 2010.

_____
United States District Judge